IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| VINCENT ERIC HARRIS | : | NO. 98-80 |

MEMORANDUM

Bartle, C.J.                                                        April 8, 2008

       Before the court is the "emergency motion" of Vincent Eric Harris for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

       On August 25, 1998, a jury convicted Harris of conspiracy to distribute cocaine base, distribution of cocaine base, and use of a juvenile in a drug trafficking crime. During Harris' sentencing hearing on December 18, 1998, the court found that he had distributed more than 21 kilograms of cocaine base, which resulted in a base offense level of 38 under U.S.S.G. § 2D1.1(C)(1). Harris also received a 6-level enhancement for his role in the offense, which resulted in a total offense level of 44 and a Guidelines range of life imprisonment. The court granted Harris' motion for a downward departure pursuant to United States v. Sally, 116 F.3d 76 (3d Cir. 1997), on the ground of extraordinary post-offense rehabilitation and imposed a sentence of 180 months imprisonment to be followed by 60 months of supervised release. The Court of Appeals affirmed the

conviction and sentence on May 5, 2001.  United States v. Harris, 210 F.3d 165 (3d Cir. 2000).

18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  Harris relies on the Sentencing Commission's adoption of Amendment 706, which lowers retroactively the Guidelines range for possession and distribution of certain amounts of crack cocaine.  Prior to the adoption of Amendment 706, the Sentencing Guidelines assigned offense level 38 to any quantity of cocaine base of 1.5 kilograms or more.  The amended guidelines now assign offense level 38 only to a quantity of cocaine base of 4.5 kilograms or more.  U.S.S.G. § 2D1.1 (c)(1).

Here, the court found that Harris distributed over 21 kilograms of cocaine base.  Thus, Harris would have received a base offense level of 38 and a total offense level of 44 even under the amended Guidelines.  Because Harris was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a sentence reduction under § 3582(c)(2).  See, e.g., U.S. v. Herrera, No. CR-92-209, 2008 WL 410074 (W.D. Okla. Feb. 12, 2008); U.S. v. Cross, No. CR-02-83, 2008 WL 355598 (S.D. Ohio Feb. 6, 2008).

Harris has provided the court with information that he has completed a noteworthy number of rehabilitative and educational programs while in prison.  While we commend Harris for having done so, we do not find it cause for reducing his sentence based on the recent retroactive amendment to the Sentencing Guidelines.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
          v.                    :
                                :
VINCENT ERIC HARRIS             :       NO. 98-80
```

ORDER

AND NOW, this 8th day of April, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the emergency motion of movant Vincent Eric Harris to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

BY THE COURT:


/s/ Harvey Bartle III
                                                   C.J.